UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Clark J. Feeley**

    v.                                                          Civil No. 14-cv-217-PB
                                                                Opinion No. 2014 DNH 178
**People's United Bank**


**O R D E R**

    Clark Feeley has sued People's United Bank.  He claims that he is the trustee of the Martha Feeley Real Estate Trust and that the bank wrongfully refused to honor a cashier's check payable to the Trust.  The bank has responded with a motion to dismiss arguing, among other things, that Feeley's claim must be dismissed because the bank is barred from honoring the check by a permanent injunction entered against it by a New Hampshire Circuit Court judge on October 1, 2013 in <u>Feeley v. People's United Bank</u>, No. 312-2013-CV-00239, at 3 (Oct. 1, 2013).  Doc. No. 8-4.

    The case has a complicated history involving substantial litigation in both Nevada and New Hampshire over who is entitled to act on behalf of the Trust.  A Nevada court has determined that Mr. Feeley is not authorized to act for the Trust and the New Hampshire court that issued the injunction relied on the Nevada court's rulings in issuing its injunction.  Although

Feeley presents various complaints about the way the issue was handled, he does not seek to challenge any ruling in those cases in this court.  Nor does he take issue with the bank's contention that it has been enjoined from honoring the check.  Instead, his sole claim is that New Hampshire's version of the Uniform Commercial Code requires the bank to ignore the injunction and honor the check because the bank issued the check before the injunction became effective.

I can find no support for the argument that Feeley presents.  The cases he cites deal with an effort by a bank to stop payment of a cashier's check by the person to whom the check was made payable.  They do not deal with the situation at issue here, where a court has determined that the holder of the check has no authority to cash it.  In such cases, a bank may refuse to honor a cashier's check if it has "a reasonable doubt whether the person demanding payment is the person entitled to enforce the instrument."  N.H. Rev. Stat. Ann. § 382-A:3-411(c).  See Privacash, Inc. v. Am. Express Co., 435 F. App'x 939, 942 (Fed. Cir. 2011).  In light of the injunction and various other court rulings determining that Feeley is not entitled to act on behalf of the Trust, the bank would be well within its rights in refusing to honor the check if Mr. Feeley were to present it for payment.  See, e.g., id. (explaining that the fact that a

2

customer may not stop payment of a cashier's check funded from the customer's account does not require the bank to pay the check if it has a reasonable doubt that the person demanding payment is entitled to enforce the check).

In reaching this determination, I have reviewed Feeley's complaint in the light most favorable to him and have relied on various court rulings submitted by the parties, the existence of which are not in dispute.  See Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 7 (1st Cir. 2014)(court may consider matters of public record in ruling on motion to dismiss).  I express no view as to the validity of those rulings as they have not been challenged here.

Defendant's Motion to Dismiss (Doc. No. 8) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 26, 2014

cc:  Clark J. Feeley, pro se
     Michele E. Kenney, Esq.